UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SORAYDA S. JANANIA,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  19-12773** |
| **OLD REPUBLIC INSURANCE COMPANY, ET AL.,**<br>     **Defendants** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a motion in limine filed by Defendants to exclude the opinions and testimony of G. Randolph Rice, Ph.D.[1] For the following reasons, Defendants' motion is **DENIED**.

## BACKGROUND

This case arises out of a car accident that occurred on September 10, 2018.[2] According to Defendants, after the accident, Plaintiff took a day off work before returning to her job as a cake decorator.[3] She worked for the next ten months before quitting, allegedly because of the injuries she sustained during the accident.[4] Plaintiff has retained economist G. Randolph Rice, Ph.D., to testify that Plaintiff has lost between $225,871.00 and $281,632.00 in combined past and future wages as a result of the accident.[5]

On July 7, 2020, Defendants filed a motion in limine to exclude the opinions and testimony of G. Randolph Rice, Ph.D.[6] Defendants argue, based on Federal Rule of

---

[1] R. Doc. 25. Plaintiff filed an opposition. R. Doc. 37.
[2] R. Doc. 1-1.
[3] R. Doc. 25-1, at 4.
[4] *Id.*
[5] R. Doc. 25-7.
[6] R. Doc. 25.

1

Evidence 702, the Court should preclude Dr. Rice from offering this testimony for two reasons:

> First, Dr. Rice's opinions are not the product of reliable principles and methods. Specifically, Dr. Rice offers no calculations to support his resulting opinions, and he makes no attempt to explain the method by which he arrived at his opinions, including but not limited to the few figures he claims to have used such as annual growth rate and discount rate. Second, Dr. Rice's opinions are based on unsupported assumptions and incorrect facts and data. The absence of factual support for his assumptions, coupled with the existence of undisputed facts wholly contradicting his assumptions, render his resulting opinions unreliable and, therefore, unhelpful to the trier of fact.[7]

Plaintiff rebuts Defendants' arguments by pointing out Dr. Rice "used Plaintiff's 2018 W-2 form from Rouses to calculate Plaintiff's base income"; "applied sound principles in determining what Plaintiff's past lost wage was, as well as a projection of a future wage loss"; and "has qualified as an expert on many occasions in both State and Federal Court."[8]

## LAW AND ANALYSIS

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.[9]

---

[7] R. Doc. 25-1, at 4–5.
[8] R. Doc. 37, at 6.
[9] FED. R. EVID. 702.

The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[10] provides the analytical framework for determining whether expert testimony is admissible under Rule 702.

Under *Daubert*, courts, as "gatekeepers," are tasked with making a preliminary assessment of whether expert testimony is both relevant and reliable.[11] The party offering the expert opinion must show by a preponderance of the evidence that the expert's testimony is reliable and relevant.[12]

The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[13] In *Daubert*, the Supreme Court enumerated several non-exclusive factors that courts may consider in evaluating the reliability of expert testimony.[14] "These factors are (1) whether the expert's theory can or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community."[15]

The Supreme Court has cautioned that the reliability analysis must remain flexible: the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."[16] Thus, "not every *Daubert* factor will be applicable in every situation . . . and

---

[10] 509 U.S. 579 (1993).
[11] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (citing *Daubert*, 509 U.S. at 592–93).
[12] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).
[13] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). *See also Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584–85 (5th Cir. 2003).
[14] *Daubert*, 509 U.S. at 592–96.
[15] *Bocanegra*, 320 F.3d at 584–85 (citing *Daubert*, 509 U.S. at 593–94).
[16] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).

a court has discretion to consider other factors it deems relevant."[17] The district court is offered broad latitude in making expert testimony determinations.[18]

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility and should be left for the finder of fact.[19] "Unless wholly unreliable, the data on which the expert relies goes to the weight and not the admissibility of the expert opinion."[20] Thus, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[21] The Court is not concerned with whether the opinion is correct but whether the preponderance of the evidence establishes that the opinion is reliable.[22] "It is the role of the adversarial system, not the court, to highlight weak evidence."[23]

In this case, Defendants argue Dr. Rice's testimony should be excluded because it is not the product of reliable principles and methods and is based on unsupported assumptions and incorrect facts and data. Defendants have not pointed to any authority showing Dr. Rice used an incorrect method for determining Plaintiff's lost wages. Instead, Defendants attack the "bases and sources" of Dr. Rice's calculations, such as Plaintiff's W-2 and her income as of January 2020. Accordingly, the Court finds the issues raised by Defendants with respect to the testimony of Dr. Rice go to the weight, not the

---

[17] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 326 (5th Cir. 2004).
[18] *See, e.g., Kumho Tire*, 526 U.S. at 151–53.
[19] *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[20] *Rosiere v. Wood Towing, LLC*, No. 07-1265, 2009 WL 982659, at *1 (E.D. La. Apr. 8, 2009) (citing *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (emphasis added); *Wolfe v. McNeil-PPC, Inc.*, No. 07-348, 2011 WL 1673805, at *6 (E.D. Pa. May 4, 2011).
[21] *Pipitone*, 288 F.3d at 250 (quoting *Daubert*, 509 U.S. at 596) (internal quotation marks omitted).
[22] *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012).
[23] *Primrose*, 382 F.3d at 562.

admissibility, of the evidence, and the testimony of Dr. Rice should not be excluded pursuant to Rule 702 of the Federal Rules of Evidence.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' motion in limine to exclude the opinions and testimony of G. Randolph Rice, Ph.D., is **DENIED**.[24]

**New Orleans, Louisiana on this 5th day of August, 2020.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. 25. The oral argument set for August 7, 2020, is **CANCELLED**.